UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

J.S., S.L., and L.C.,

          Plaintiffs,

    v.

VILLAGE VOICE MEDIA HOLDINGS, LLC, d/b/a Backpage.com; BACKPAGE.COM, LLC; NEW TIMES MEDIA, LLC, d/b/a Backpage.com; and BARUTI HOPSON,

          Defendants.

CASE NO. 3:12-cv-06031-BHS

ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND TO STATE COURT

    This matter comes before the Court on Plaintiffs' motion for remand (Dkt. 14) and Defendant Backpage.com's cross-motion to sever and remand or dismiss claims against Defendant Baruti Hopson for misjoinder (Dkt. 31). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Plaintiffs' motion and denies Defendant Backpage.com's cross-motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

Plaintiffs J.S., S.L., and L.C. (collectively "Plaintiffs") filed their original complaint against Village Voice Media Holdings, LLC ("Village Voice"), Backpage.com, LLC ("Backpage.com"), and Baruti Hopson in Pierce County Superior Court on July 30, 2012. Dkt. 1 at 2. Plaintiffs filed a First Amended Complaint on September 5, 2012, adding New Times Media, LLC ("New Times") as a Defendant. Dkt. 1-1. Defendants Village Voice, Backpage.com, and New Times will hereinafter be collectively referred to as the "Backpage.com Defendants."

On October 17, 2012, Backpage.com requested a statement of damages pursuant to RCW 4.28.360, to which Plaintiffs responded on November 6, 2012, noting that each Plaintiff claims, at a minimum, "somewhere between $250,000 and $1,500,000." Dkt. 1 at 4. On December 5, 2012, Backpage.com Defendants filed a Notice of Removal from Pierce County Superior Court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1). *Id.* at 2.

On December 6, 2012, Plaintiffs filed a Second Amended Complaint in this Court. Dkt. 8. In the Second Amended Complaint, Plaintiffs added Defendants Shabir Shabazz and Shadina Rice. Because Plaintiffs did not seek leave to amend their complaint, this Court dismissed Defendants Shabazz and Rice on February 5, 2013.

On December 13, 2012, Plaintiffs filed a motion to remand this action to state court. Dkt. 14. On January 17, 2013, Backpage.com Defendants filed a response in opposition to the Plaintiff's motion to remand and a cross-motion to sever and remand or dismiss claims against Defendant Hopson. Dkt. 31. On January 25, 2013, Plaintiffs filed

a response to the Backpage.com Defendants' motion to sever and dismiss or remand all claims against Defendant Hopson. Dkt. 33. On February 1, 2013, Plaintiffs filed a reply to the Backpage.com Defendants' opposition to Plaintiffs' motion to remand. Dkt. 36. Also on February 1, 2013, Backpage.com Defendants filed a reply on cross-motion to sever and remand or dismiss claims against Defendant Hopson. Dkt. 37.

## II. FACTUAL BACKGROUND

This is a civil action being brought by three minor girls against Defendants for allegedly conspiring to advertise the girls for sale as prostitutes on Backpage.com Defendants' website. Dkt. 1-1 at 2. At the time of the advertisements, two of the girls were 13 years old and one girl was 15 years old. *Id.* at 3. Plaintiffs allege that (1) Defendant Hopson and others used the website "Backpage.com" to sexually abuse and exploit them while they were minors, and (2) the Backpage.com Defendants, who are the owners and operators of Backpage.com, knowingly aided and abetted Defendant Hopson and others in the sexual abuse and exploitation of minors, including Plaintiffs. *Id.*

Defendant Hopson was convicted on January 27, 2011, after a jury trial, on two counts of promoting commercial sexual abuse of a minor, RCW 9.68A.101(1), three counts of third degree rape of a child, RCW 9A.44.079, and one count of second degree assault, RCW 9A.36.021(1)(g). Dkt. 1 at 8. Plaintiff J.S. was the victim of all of these crimes. *Id.* Hopson's conviction was affirmed by the Division I of the Washington Court of Appeals. *Id.*

Plaintiffs are citizens of the state of Washington. *Id.* at 5. Backpage.com Defendants are Delaware limited liability companies whose members/owners are citizens

of Delaware, Arizona, and New York. *Id.* Defendant Hopson is a citizen of the state of Washington. *Id.* at 5-6.

### III. DISCUSSION

The issue to be determined by this Court is whether removal jurisdiction exists based on diversity of citizenship between the parties. "An action is removable to a federal court only if it might have been brought there originally." 28 U.S.C. § 1441(a). In a diversity jurisdiction case, pursuant to 28 U.S.C. § 1332, there must be complete diversity between opposing parties. *Strawbridge v. Curtiss*, 7 U.S. (3 cranch) 267 (1806). Furthermore, when a court evaluates the legitimacy of removal, the removal statute is construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant seeking removal of an action to federal court has the burden of establishing grounds for federal jurisdiction in the case. *California ex rel. Lockyer v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Some courts find a "strong presumption" against removal jurisdiction and will reject such jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

Backpage.com Defendants claim removal was proper via the court's diversity jurisdiction. Dkt. 1 at 2. Specifically, the Backpage.com Defendants assert (1) the amount in controversy is over $75,000 (*id.*), (2) Plaintiffs are Washington citizens (*id.* at 5), (3) Backpage.com Defendants' members/owners are citizens of Delaware, Arizona, and New York (*id.*), and (4) Defendant Hopson's citizenship and residency (in a state penitentiary in Moses Lake, Washington) should be disregarded because he was

fraudulently misjoined (*id.* at 2-3). Therefore, the issue of removal turns on whether Defendant Hopson's citizenship can be disregarded due to fraudulent joinder.

A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a "sham" or "fraudulent." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011). "Fraudulent joinder" is a term of art. *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990). It does not reflect on the integrity of plaintiff or counsel. *Id.* It is "merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. *Id.; See McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

Courts have applied the fraudulent joinder doctrine in three situations. First, where there is outright fraud in pleading jurisdictional facts (e.g., false statements regarding party's citizenship). *Stillwell,* 663 F.3d at 1332. Second, where there is no possibility that plaintiff can prove a cause of action against the nondiverse defendant. *Morris*, 236 F.3d at 1067. And third, some courts find fraudulent joinder where plaintiff joins both diverse and nondiverse defendants, and the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *In re Benjamin Moore & Co.*, 318 F.3d 626, 630-631 (5th Cir. 2002). These courts have held that this egregious "misjoinder" of parties allows the court to ignore the citizenship of the

1 nondiverse parties upon removal. *Id.* Other courts, however, reject this third type of
2 fraudulent joinder. *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127
3 (E.D. Cal. 2004) ("the last thing the federal courts need is more procedural complexity").

4       This Court finds that the Backpage.com Defendants have not met their "heavy
5 burden" to overcome the strong presumption against removal jurisdiction.

6       First, Backpage.com Defendants have not alleged nor does this Court find actual
7 fraud in the pleadings of jurisdictional facts.

8       Second, there is a possibility that Plaintiffs can prove a cause of action against
9 resident Defendant Hopson. It is not beyond the realm of conception that a civil cause of
10 action against Defendant Hopson can be sustained since he is now serving time in state
11 penitentiary for criminal offenses that are substantially related to this matter.

12       Lastly, Backpage.com Defendants argue removal was proper under the theory of
13 fraudulent "misjoinder." Specifically, Backpage.com Defendants assert that Plaintiffs
14 fraudulently "misjoined" the resident and nonresident defendants because the "claim
15 against the diverse defendant has no real connection to the claim against the nondiverse
16 defendant." *Tapscott*, 77 F3.d at 1360. Even if the fraudulent "misjoinder" principle
17 from *Tapscott* was recognized in this circuit, Backpage.com Defendants have not met
18 their burden of showing its applicability here. Plaintiffs have alleged claims against all
19 defendants for civil conspiracy, violation of the Sexual Exploitation of Children Act
20 ("SECA"), unjust enrichment, and ratification, which arise from Plaintiffs' allegations
21 that the Backpage.com Defendants knowingly facilitated and promoted the sexual
22 exploitation of Plaintiffs through their website. Dkt. 14 at 7. It is difficult for this Court

1  to understand how there is "no real connection" between the claims against the diverse
2  and nondiverse defendants when it is alleged that the defendants conspired to use the
3  Backpage.com website as a means to sexually exploit Plaintiffs.
4      Because Backpage.com Defendants have failed to show that Defendant Hopson
5  was fraudulently joined, this case must be remanded to the state court.

## IV. ORDER

Therefore, it is hereby **ORDERED** that the Plaintiffs' motion for remand (Dkt. 14) is **GRANTED** and the Backpage.com Defendants' cross-motion to sever and remand or dismiss claims against Defendant Hopson (Dkt. 31) is **DENIED**. The Clerk is hereby directed to **REMAND** this case to the Superior Court of the State of Washington in and for the County of Pierce.

Dated this 5th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge