1

2

3

4

5

6          UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
7                 AT TACOMA

8   J.S., S.L., and L.C.,

9                    Plaintiffs,                    CASE NO. 3:12-cv-06031-BHS

10           v.                                     ORDER GRANTING
                                                    PLAINTIFFS' MOTION FOR
11   VILLAGE VOICE MEDIA HOLDINGS,                  REMAND TO STATE COURT
    LLC, d/b/a Backpage.com;
12   BACKPAGE.COM, LLC; NEW TIMES
    MEDIA, LLC, d/b/a Backpage.com; and
13   BARUTI HOPSON,

14                   Defendants.

15

16          This matter comes before the Court on Plaintiffs' motion for remand (Dkt. 14) and

17   Defendant Backpage.com's cross-motion to sever and remand or dismiss claims against

18   Defendant Baruti Hopson for misjoinder (Dkt. 31). The Court has considered the

19   pleadings filed in support of and in opposition to the motions and the remainder of the

20   file and hereby grants Plaintiffs' motion and denies Defendant Backpage.com's cross-

21   motion for the reasons stated herein.

22

# I. PROCEDURAL HISTORY

Plaintiffs J.S., S.L., and L.C. (collectively "Plaintiffs") filed their original complaint against Village Voice Media Holdings, LLC ("Village Voice"), Backpage.com, LLC ("Backpage.com"), and Baruti Hopson in Pierce County Superior Court on July 30, 2012.  Dkt. 1 at 2.  Plaintiffs filed a First Amended Complaint on September 5, 2012, adding New Times Media, LLC ("New Times") as a Defendant.  Dkt. 1-1.  Defendants Village Voice, Backpage.com, and New Times will hereinafter be collectively referred to as the "Backpage.com Defendants."

On October 17, 2012, Backpage.com requested a statement of damages pursuant to RCW 4.28.360, to which Plaintiffs responded on November 6, 2012, noting that each Plaintiff claims, at a minimum, "somewhere between $250,000 and $1,500,000."  Dkt. 1 at 4.  On December 5, 2012, Backpage.com Defendants filed a Notice of Removal from Pierce County Superior Court pursuant to 28 U.S.C. § 1441, alleging diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  *Id.* at 2.

On December 6, 2012, Plaintiffs filed a Second Amended Complaint in this Court.  Dkt. 8.  In the Second Amended Complaint, Plaintiffs added Defendants Shabir Shabazz and Shadina Rice.  Because Plaintiffs did not seek leave to amend their complaint, this Court dismissed Defendants Shabazz and Rice on February 5, 2013.

On December 13, 2012, Plaintiffs filed a motion to remand this action to state court.  Dkt. 14.  On January 17, 2013, Backpage.com Defendants filed a response in opposition to the Plaintiff's motion to remand and a cross-motion to sever and remand or dismiss claims against Defendant Hopson.  Dkt. 31.  On January 25, 2013, Plaintiffs filed

a response to the Backpage.com Defendants' motion to sever and dismiss or remand all

claims against Defendant Hopson.  Dkt. 33.  On February 1, 2013, Plaintiffs filed a reply

to the Backpage.com Defendants' opposition to Plaintiffs' motion to remand.  Dkt. 36.

Also on February 1, 2013, Backpage.com Defendants filed a reply on cross-motion to

sever and remand or dismiss claims against Defendant Hopson.  Dkt. 37.

## II. FACTUAL BACKGROUND

This is a civil action being brought by three minor girls against Defendants for

allegedly conspiring to advertise the girls for sale as prostitutes on Backpage.com

Defendants' website. Dkt. 1-1 at 2.  At the time of the advertisements, two of the girls

were 13 years old and one girl was 15 years old. *Id.* at 3.  Plaintiffs allege that (1)

Defendant Hopson and others used the website "Backpage.com" to sexually abuse and

exploit them while they were minors, and (2) the Backpage.com Defendants, who are the

owners and operators of Backpage.com, knowingly aided and abetted Defendant Hopson

and others in the sexual abuse and exploitation of minors, including Plaintiffs.  *Id.*

Defendant Hopson was convicted on January 27, 2011, after a jury trial, on two

counts of promoting commercial sexual abuse of a minor, RCW 9.68A.101(1), three counts

of third degree rape of a child, RCW 9A.44.079, and one count of second degree assault,

RCW 9A.36.021(1)(g). Dkt. 1 at 8.  Plaintiff J.S. was the victim of all of these crimes. *Id.*

Hopson's conviction was affirmed by the Division I of the Washington Court of Appeals. *Id.*

Plaintiffs are citizens of the state of Washington.  *Id.* at 5.  Backpage.com

Defendants are Delaware limited liability companies whose members/owners are citizens

1  of Delaware, Arizona, and New York. *Id.* Defendant Hopson is a citizen of the state of

2  Washington. *Id.* at 5-6.

3  **III. DISCUSSION**

4     The issue to be determined by this Court is whether removal jurisdiction exists

5  based on diversity of citizenship between the parties. "An action is removable to a

6  federal court only if it might have been brought there originally." 28 U.S.C. § 1441(a).

7  In a diversity jurisdiction case, pursuant to 28 U.S.C. § 1332, there must be complete

8  diversity between opposing parties. *Strawbridge v. Curtiss*, 7 U.S. (3 cranch) 267 (1806).

9  Furthermore, when a court evaluates the legitimacy of removal, the removal statute is

10  construed restrictively, so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v.*

11  *Sheets*, 313 U.S. 100, 108-109 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

12  1992). A defendant seeking removal of an action to federal court has the burden of

13  establishing grounds for federal jurisdiction in the case. *California ex rel. Lockyer v.*

14  *Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Some courts find a "strong

15  presumption" against removal jurisdiction and will reject such jurisdiction "if there is any

16  doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

17     Backpage.com Defendants claim removal was proper via the court's diversity

18  jurisdiction. Dkt. 1 at 2. Specifically, the Backpage.com Defendants assert (1) the

19  amount in controversy is over $75,000 (*id.*), (2) Plaintiffs are Washington citizens (*id.* at

20  5), (3) Backpage.com Defendants' members/owners are citizens of Delaware, Arizona,

21  and New York (*id.*), and (4) Defendant Hopson's citizenship and residency (in a state

22  penitentiary in Moses Lake, Washington) should be disregarded because he was

1   fraudulently misjoined (*id.* at 2-3).  Therefore, the issue of removal turns on whether

2   Defendant Hopson's citizenship can be disregarded due to fraudulent joinder.

3          A non-diverse party named in the state court action may be disregarded if the

4   federal court determines that party's joinder is a "sham" or "fraudulent." *Morris v.*

5   *Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Stillwell v. Allstate Ins. Co.*,

6   663 F.3d 1329, 1333 (11th Cir. 2011).  "Fraudulent joinder" is a term of art.  *AIDS*

7   *Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th

8   Cir. 1990).  It does not reflect on the integrity of plaintiff or counsel.  *Id.*  It is "merely the

9   rubric applied when a court finds either that no cause of action is stated against the

10  nondiverse defendant, or in fact no cause of action exists.  *Id.; See McCabe v. General*

11  *Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

12         Courts have applied the fraudulent joinder doctrine in three situations.  First,

13  where there is outright fraud in pleading jurisdictional facts (e.g., false statements

14  regarding party's citizenship).  *Stillwell,* 663 F.3d at 1332.  Second, where there is no

15  possibility that plaintiff can prove a cause of action against the nondiverse defendant.

16  *Morris*, 236 F.3d at 1067.  And third, some courts find fraudulent joinder where plaintiff

17  joins both diverse and nondiverse defendants, and the claim against the diverse defendant

18  has no real connection to the claim against the nondiverse defendant.  *Tapscott v. MS*

19  *Dealer Serv. Corp.*, 77 F3.d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*;

20  *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *In re Benjamin*

21  *Moore & Co.*, 318 F.3d 626, 630-631 (5th Cir. 2002).  These courts have held that this

22  egregious "misjoinder" of parties allows the court to ignore the citizenship of the

1    nondiverse parties upon removal.  *Id.*  Other courts, however, reject this third type of

2    fraudulent joinder.  *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127

3    (E.D. Cal. 2004) ("the last thing the federal courts need is more procedural complexity").

4          This Court finds that the Backpage.com Defendants have not met their "heavy

5    burden" to overcome the strong presumption against removal jurisdiction.

6          First, Backpage.com Defendants have not alleged nor does this Court find actual

7    fraud in the pleadings of jurisdictional facts.

8          Second, there is a possibility that Plaintiffs can prove a cause of action against

9    resident Defendant Hopson.  It is not beyond the realm of conception that a civil cause of

10   action against Defendant Hopson can be sustained since he is now serving time in state

11   penitentiary for criminal offenses that are substantially related to this matter.

12         Lastly, Backpage.com Defendants argue removal was proper under the theory of

13   fraudulent "misjoinder."  Specifically, Backpage.com Defendants assert that Plaintiffs

14   fraudulently "misjoined" the resident and nonresident defendants because the "claim

15   against the diverse defendant has no real connection to the claim against the nondiverse

16   defendant."  *Tapscott*, 77 F3.d at 1360.  Even if the fraudulent "misjoinder" principle

17   from *Tapscott* was recognized in this circuit, Backpage.com Defendants have not met

18   their burden of showing its applicability here.  Plaintiffs have alleged claims against all

19   defendants for civil conspiracy, violation of the Sexual Exploitation of Children Act

20   ("SECA"), unjust enrichment, and ratification, which arise from Plaintiffs' allegations

21   that the Backpage.com Defendants knowingly facilitated and promoted the sexual

22   exploitation of Plaintiffs through their website.  Dkt. 14 at 7.  It is difficult for this Court

1   to understand how there is "no real connection" between the claims against the diverse

2   and nondiverse defendants when it is alleged that the defendants conspired to use the

3   Backpage.com website as a means to sexually exploit Plaintiffs.

4       Because Backpage.com Defendants have failed to show that Defendant Hopson

5   was fraudulently joined, this case must be remanded to the state court.

6                                  **IV. ORDER**

7       Therefore, it is hereby **ORDERED** that the Plaintiffs' motion for remand (Dkt.

8   14) is **GRANTED** and the Backpage.com Defendants' cross-motion to sever and remand

9   or dismiss claims against Defendant Hopson (Dkt. 31) is **DENIED**.  The Clerk is hereby

10  directed to **REMAND** this case to the Superior Court of the State of Washington in and

11  for the County of Pierce.

12      Dated this 5th day of March, 2013.

13

14

15      BENJAMIN H. SETTLE
        United States District Judge

16

17

18

19

20

21

22

ORDER - 7